## 7775

### STATE v. DINGLE.

RECOGNIZANCE—CIRCUIT COURT.—Where a Circuit Judge on hearing the return to a rule to show cause why a recognizance should not be estreated adjudges the recognizance forfeited and estreated, but orders that a notice be issued at once to the defendant and surety to summon them to appear at the next term of the Court and show cause, if any they can, why judgment should not be confirmed against them, the succeeding Judge should hear the further return on the merits.

Before GAGE, J., Sumter, February, 1910. Reversed.

Proceeding to escheat the bond of Simon Dingle. From order dismissing action, surety H. T. Edens appeals.

*Mr. John H. Cliffton,* for appellant, oral argument.

*Solicitor P. H. Stoll,* contra, cites: *Sufficiency of return:* 34 Cyc. 551. *Clerical errors will not invalidate recognizance:* 34 Cyc. 549, 550, 569.

February 22, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. On April 4, 1908, the defendant Simon Dingle was arrested upon a warrant charging an assault and battery with intent to kill committed the day before, and was admitted to bail by bond dated April 4, 1908, for his appearance to answer said charge in the Court of General Sessions to be held on April 6, 1908. This bond was signed by Z. E. Walker as surety. Afterwards, probably on April 6, 1908, another bond for appearance was given for the same person to answer the same charge at the same term of Court, but the bond was dated March 6, 1908, which was before the date of the alleged offense. At the June term of the Court Judge Wilson by order dated June 26, 1908, reciting that defendant Simon Dingle was tried in his absence and convicted for an assault and battery of a high and aggravated nature and failed to answer when called to be sentenced, required that defendant Dingle and his sureties Edens and Walker show cause at the next term why said recognizance should not be estreated and judgment entered thereon. Returns were made by each of the sureties which was heard by Judge Ernest Gary at the April term, 1909, and on April 12, 1909, Judge Ernest Gary made an order discharging surety Walker on the ground that the bond with Edens as surety was executed subsequent to the bond executed by Walker as surety which operated to discharge Walker as surety on the first bond. At the same time an order was made by Judge Gary with respect to surety Edens as follows:

"Upon hearing the return to the rule to show cause as against H. T. Edens and as surety upon recognizance of the defendant in this case, why such recognizance should not

be forfeited and estreated it is deemed that such return is insufficient, and it is ordered and adjudged that such recognizance be and the same is hereby declared to be forfeited and estreated and in order that judgment may be confirmed thereon let a notice without delay, be issued out of this Court to summon the said Simon Dingle, defendant, and the said H. T. Edens as surety as aforesaid, to be and appear at the next term of Court the first day thereof, to show cause if any, they and each of them may have, why judgment should not be confirmed against them and each of them upon such recognizance."

The return which was adjudged insufficient by the foregoing order is as follows:

"That prior to the 6th day of March, 1908, one Z. E. Walker, became surety on the bond of Simon Dingle to answer for the appearance of the said Simon Dingle at the next insuing term of the Court of General Sessions for Sumter county; that he is informed by H. L. B. Wells that the said bond of Simon Dingle with Z. E. Walker, as surety thereon, was never surrendered, cancelled nor was the said Simon Dingle ever delivered to the sheriff and put in jail, or any other thing done to relieve the said Simon Dingle and Z. E. Walker from their responsibility on said bond; that for further cause the surety H. T. Edens alleges that the rule herein appears to be against himself and Z. E. Walker jointly, and the surety alleges that he never became jointly responsible, and that he never signed jointly a bond with the said Z. E. Walker, and that as matter of law, the bond of Simon Dingle and Z. E. Walker as surety of the first understanding bond and that this surety as matter of law is not liable upon any bond;

"And the said H. T. Edens further says that he never had any understanding with anyone to the effect that the said Simon Dingle and Z. E. Walker was to be relieved of any bond; that the bond executed by Walker as surety was dated the 4th day of April, 1908, and the order of Judge John

S. Wilson recited that the defendant was to appear in the Court of General Sessions to be held the 4th Monday in June, 1908; whereas, the bond was conditioned for his appearance on the 6th day of April, 1908; and the rule to show cause thereon requiring him to show cause on the 19th day of October, 1908, said rule being dated the 26th day of September, 1908, whereas the bond executed by Dingle, with Edens as surety, required the appearance of the defendant on April 6th, 1908, and that bond being dated the 6th of March, 1908."

It will be observed that this return shows that the bond of Edens as surety was in fact executed after the bond of Walker as surety and that no joint liability was contemplated by Edens.

Pursuant to the permission granted in the order of Judge Gary, Edens made return why the judgment should not be confirmed, which was heard before Judge Gage at June term, 1909, along with the motion of the solicitor for confirmation of judgment.

Judge Gage did not consider this return holding that he had no jurisdiction to hear anew the matter and that the order of Judge Gary was final and conclusive as a judgment upon the recognizance. Whereupon he dismissed the motion of the solicitor for confirmation of judgment.

Surety Edens appeals from the order of Judge Gary and the order of Judge Gage upon a number of exceptions set out in the record, which, under the view we take, need not be here stated or considered in detail. The proceedings in case of forfeiture of recognizance is stated in section 85 of the Criminal Code as follows:

"Whenever such recognizance shall become forfeited by noncompliance with the condition thereof, the attorney general or solicitor, or other person acting for him, shall, without delay, issue a notice to summon every party bound in such forfeited recognizance to be and appear at the next ensuing Court of Sessions, to show cause if any he has,

why judgment should not be confined against him; and if any person so bound fail to appear, or appearing, shall not give such reason for not performing the condition of such recognizance as the Court shall deem sufficient; then the judgment on such recognizance shall be confirmed." Section 88 provides: "If any person shall forfeit a recognizance from ignorance or unavoidable impediment, and not from wilful default, the Court of Sessions may on affidavit stating the excuse or cause thereof, remit the whole or any part of the forfeiture, as may be deemed reasonable."

The summons to show cause having been given under the order of Judge Wilson it was within the power of Judge Gary to have made order confirming judgment of forfeiture, and had he made such order Judge Gage would have been correct in holding such order final, but Judge Gary's order clearly shows that he did not intend to render final judgment but left that open to be determined upon another return. He doubtless meant to give surety Edens another opportunity to make a better showing to prevent final judgment and an opportunity probably to make a showing under section 88 warranting remission of forfeiture in whole or in part. The surety might also show that he had produced the prisoner to answer to the sentence of the Court.

Hence Judge Gage was incorrect in holding that he was without jurisdiction and in not considering the return before him pursuant to the order of Judge Gary.

As Judge Gage did not pass upon the last return we will not undertake to do so, and hence do not deem it necessary to set it out in this opinion.

The judgment of this Court is that the order of Judge Gage be set aside and the case remanded to the Circuit Court for hearing upon the return of surety Edens made in conformity with the order of Judge Gary.